TORRUELLA, Circuit Judge
(Concurring in part, Dissenting in part).
I join the majority in remanding the case to the district court so that the new legal standards developed in Rapanos v. United, States, 547 U.S. -, 126 S.Ct. 2208, 165 L.Ed.2d 159 (2006), can be applied on the first instance by that court after the parties have had an opportunity to expand the record to the extent necessary given the new standards. The opportunity to expand the record is important to both the government and the Johnsons. New evidence is as likely to militate against federal regulatory jurisdiction over the Johnsons’ property as it is to demonstrate it.
I depart from the majority in interpreting what standards Rapanos has established. The plurality’s “hydrological connection” test provides the proper constitutional limit on federal regulation under the Clean Water Act. Although the majority has provided an able analysis of a thorny issue, I cannot concur that Justice Kennedy’s seemingly opaque “significant nexus” test is a constitutional measure of federal regulatory jurisdiction. Extending regulatory jurisdiction to wetlands that “possess a ‘significant nexus’ to waters that are or were navigable in fact or that could reasonably be so made ...” id. at 2236, leaves the door open to continued federal overreach. The plurality’s restriction of federal jurisdiction to “only those wetlands with a continuous surface connection to bodies that are ‘waters of the United States’ in their own right, so that there is no clear demarcation between ‘waters’ and wetlands, are ‘adjacent to’ such waters and covered by *67 the [Clean Water] Act ...” id. at 2226 (emphasis in original), strikes a constitutional balance between federal and state regulatory interests, and our nation’s interest in clean water and the individual land owner’s right to manage their property in accordance with their dreams and aspirations, whether economic or otherwise.